```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cr-20155-11-SHM-tmp |
| | ) |
| **RICKY DORTCH,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court by order of reference is defendant Ricky Dortch's motion for the release of pretrial assets, filed on October 16, 2017. (ECF Nos. 169, 174.) The United States filed a response on October 30, 2017. (ECF No. 190.) On December 8, 2017, the court heard oral argument on Dortch's motion, and following this hearing, Dortch filed additional support for his motion in the form of an affidavit and financial documents. (ECF Nos. 215 to 219.) For the following reasons, the undersigned recommends that the motion be denied.

## I.   PROPOSED FINDINGS OF FACT

A federal grand jury returned a superseding indictment on August 23, 2017, charging Ricky Dortch and his co-defendants with conspiracy to distribute, and to possess with the intent to distribute, five kilograms or more of cocaine in violation of 21

U.S.C. §§ 841, 846.  (ECF No. 75.)  As part of this indictment, the government indicated that it would seek criminal forfeiture of all the property the defendants allegedly acquired from the conspiracy or used or intended to use to further the conspiracy, pursuant to 21 U.S.C. § 853(a)(1)-(2).  (Id. at 2 to 3.)

The government then obtained a seizure warrant from a magistrate judge on August 29, 2017.  (ECF No. 190-1 at 2.)  The warrant authorized seizure of all the funds in a Bank of America account credited to Ricky A. Dortch DBA Floor Maintenance and Janitorial Service.  (Id.)  In the application and affidavit for the seizure warrant, the government stated that the funds were forfeitable because it had reason to believe that Dortch withdrew funds from the account to buy cocaine.  (ECF No. 210-1 at 16 to 22.)  Specifically, the affidavit stated that on certain dates in March and May of 2017, large cash withdrawals of $15,000 and $6,000 were made from the account.  (Id.)  The dates of these withdrawals corresponded with time periods when, according to the affidavit, Dortch was negotiating to buy cocaine.  (Id.)  As a result, the government seized $39,692.74 from the account on August 30, 2017.  (Id. at 8.)  On October 30, 2017, the government filed a bill of particulars, in which it described the funds it seized from this account as "property constituting or derived from proceeds [the defendants] obtained,

directly or indirectly, as a result of the conspiracy [or] used to facilitate that violation." (ECF No. 191 at 1 to 2.)

Dortch now moves for an evidentiary hearing on whether the government must release these funds because they are untainted and the seizure is interfering with Dortch's right to retain the counsel of his choosing. (ECF No. 169-1 at 2.) In an affidavit, Dortch avers that his retained attorney, Linda Garner, has been working for him for free because the government seized all of the funds he could have used to pay her. (ECF No. 218-1 at 2.) Dortch has also provided copies of his 1099s and W-2s for the past 16 years, a description of his income and expenses, and a selection of deposit slips for this account. (ECF Nos. 219-1 to 219-19.) At the hearing on December 8, 2017, Dortch claimed that these documents prove "to the penny" that all of the funds in the account "were derived from legitimate sources." (Id.) The government countered that Dortch has not challenged its showing of probable cause that the seized funds were subject to forfeiture since Dortch used or intended to use funds from the account to buy cocaine and, that therefore, the court should not grant his request for a probable cause hearing. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

It is a matter long settled that the government may seize criminal defendants' assets, even if the seizure interferes with

the defendants' ability to pay legal fees, so long as there is "probable cause to believe that the assets are forfeitable." United States v. Monsanto, 491 U.S. 600, 615 (1989); Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 631 (1989) ("[T]here is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense."). What is not settled is "whether due process requires . . . a probable cause hearing to support restraint of assets prior to trial . . . ." United States v. Jamieson, 427 F.3d 394, 406 (6th Cir. 2005) (noting that "the Supreme Court specifically refrained from" answering this question (citing Monsanto, 491 U.S. at 615 n.10)); Kaley v. United States, 134 S. Ct. 1090, 1095 n.3 (2014).

The circuit courts agree that in certain circumstances due process requires a post-deprivation, pre-trial probable cause hearing on the forfeitability of seized or restrained property. United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013); United States v. Yusuf, 199 F. App'x 127, 132 (3d Cir. 2006); United States v. Farmer, 274 F.3d 800, 805 (4th Cir. 2001); United States v. Fisch, 851 F.3d 402, 409 (5th Cir. 2017); Jamison, 427 F.3d at 406-07; United States v. Kielar, 791 F.3d 733, 739-40 (7th Cir. 2015); United States v. Lewis, 759 F.2d

-4-

1316, 1325 (8th Cir. 1985); United States v. Unimex, Inc., 991 F.2d 546, 551 (9th Cir. 1993); United States v. Jones, 160 F.3d 641, 645–47 (10th Cir. 1998); United States v. Kaley, 677 F.3d 1316, 1321 (11th Cir. 2012); United States v. E-Gold, Ltd., 521 F.3d 411, 421 (D.C. Cir. 2008), abrogated on other grounds by Kaley, 134 S. Ct. 1090.  However, the circuit courts do not apply the same legal standards when deciding whether a defendant is entitled to a hearing.

Some circuits apply the factors laid out in Mathews v. Eldridge, 424 U.S. 319 (1976), to determine when due process requires a hearing.  See E-Gold, 521 F.3d at 415–16; Farmer, 274 F.3d at 803–04; Jones, 160 F.3d at 645; United States v. Moya-Gomez, 860 F.2d 706, 726 (7th Cir. 1988).  Other circuits look to alternative sources for guidance.  See Bonventre, 720 F.3d at 131 ("The importance of the right at issue — to fund one's criminal defense with counsel of choice — counsels in favor of a minimal barrier to contest the restraint of needed monies."); Kaley, 677 F.3d at 1321 (applying the "balancing test" from Barker v. Wingo, 407 U.S. 514 (1972)), aff'd and remanded, 134 S. Ct. 1090 (2014); United States v. Roth, 912 F.2d 1131, 1133 (9th Cir. 1990) (noting that, if assets are to be restrained, post-indictment, pursuant to a temporary restraining order, then Fed. R. Civ. P. 65 requires a pre-restraint hearing (citing United States v. Crozier, 777 F.2d 1376, 1384 (9th Cir. 1985)));

Unimex, 991 F.2d at 551 (mandating that courts provide a pre-trial hearing when defendants meet the Ninth Circuit's basic showing requirements for an evidentiary hearing (citing Cohen v. United States, 378 F.2d 751, 761 (9th Cir. 1967))).

Many of these courts also disagree about what a defendant must show to merit such a hearing. Compare Fisch, 851 F.3d at 409 (noting that a defendant failed to demonstrate his right to a due process hearing when he did not show he needed the restrained assets to pay his attorney), and Kielar, 791 F.3d at 739 (noting that defendants seeking "'an immediate, postrestraint, adversary hearing' [must make] the requisite showing of bona fide need" to use the restrained assets to hire an attorney (quoting Moya-Gomez, 860 F.2d at 731)), and Bonventre, 720 F.3d at 131 (same), and E-Gold, 521 F.3d at 421 (same), with Yusuf, 199 F. App'x at 132 (adopting the Tenth Circuit's approach, which requires a dual showing of financial inability to hire an attorney and grand jury error in finding probable cause that the restrained assets were traceable to the criminal act (citing Jones, 160 F.3d at 647)), and Farmer, 274 F.3d at 805 (finding the defendant should receive a hearing where the defendant showed financial inability to hire counsel and undermined the probable cause that the seized assets were forfeitable); see also Unimex, 991 F.2d at 551 (mandating a hearing on the forfeitability of seized assets where the

defendant has moved for one pursuant to Fed. R. Crim. P. 41 in a fashion "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented" (quoting Cohen, 378 F.2d at 761)).

The government urges the court to apply the framework developed by the Tenth Circuit in Jones, 160 F.3d 641. (ECF No. 190 at 3.) The Sixth Circuit has yet to adopt a specific showing requirement, but has "no quarrel" with district courts applying the Tenth Circuit's approach. See Jamieson, 427 F.3d at 406–07 (citing Jones, 160 F.3d at 646–47). In the absence of any objection on Dortch's part, the court will apply the Tenth Circuit's approach to this case.

The Tenth Circuit requires a court to give a defendant a hearing if the defendant can (1) "demonstrate to the court's satisfaction" that without access to the seized assets the defendant will not be able to hire the attorney of her or his choice and (2) "make a prima facie showing" that there is insufficient cause to support the grand jury's finding that the seized assets are "traceable to the . . . offense." Id. at 406 (quoting Jones, 160 F.3d at 646–47). Should the defendant satisfy these requirements, the court will then conduct a hearing, at which, the government bears the burden of "establish[ing], by probable cause . . . that the restrained

assets are traceable to the underlying offense." Id. (citing Jones, 160 F.3d at 647).

With respect to the first requirement, Dortch has persuaded the court that he is unable to retain the counsel of his choice without access to the seized funds. Dortch's affidavit and income and expense report specify that Dortch lacks sufficient savings or income with which to pay the agreed upon attorney's fee. (ECF Nos. 218-1, 219-18.) This showing suffices as a demonstration of his financial inability to pay for his counsel's services. See United States v. 250 Lindsay Lane, Russellville, Kentucky, No. CIV.A.1:04CV00056JHM, 2005 WL 1994762, at *2 (W.D. Ky. Aug. 16, 2005) (finding the defendant met the first requirement based upon the contents of the defendant's affidavits); United States v. St. George, 241 F. Supp. 2d 875, 878-79 (E.D. Tenn. 2003) (same); United States v. Jamieson, 189 F. Supp. 2d 754, 757 (N.D. Ohio 2002) (same).

As for the second requirement, the court finds that Dortch has not made the necessary prima facie showing. The indictment, the bill of particulars, and the affidavit supporting the application for the seizure warrant all show that the government has based its theory regarding the forfeitability of the seized funds upon 21 U.S.C. § 853(a)(2), which permits seizure of property that is used or intended to be used to commit an offense. (ECF Nos. 75, 191, 210-1.) All of the evidence Dortch

has submitted, at most, shows that funds deposited into the account may not be tainted. (ECF Nos. 219-1 to 219-19.) However, the probable cause upon which the government relies in seeking forfeiture of the account is based on the *withdrawal* of funds that were allegedly used or intended to be used purchase drugs, in violation of 21 U.S.C. § 853(a)(2). (ECF Nos. 75, 191.) Dortch has not made any showing to challenge the probable cause contained in the seizure affidavit. Consequently, because Dortch has failed to demonstrate any lack of probable cause for the government's seizure, he has not established the requisite prima facie showing for a probable cause hearing.

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that Dortch's motion be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 20, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**