# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cr-20155-SHM-11 |
| v. ) | |
| ) | |
| RICKY DORTCH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated December 20, 2017. (ECF No. 225.) The Report recommends denying Defendant Ricky Dortch's motion for the release of pretrial assets (the "Motion for Traceability Hearing"), filed on October 16, 2017. (ECF Nos. 169, 174.) Dortch filed an objection to the Report on January 3, 2018. (ECF No. 227.) The government responded on January 24, 2018. (ECF No. 235.)

For the following reasons, the Report is MODIFIED in part and ADOPTED AS MODIFIED. Dortch's Motion for Traceability Hearing is DENIED.

**I. Background**

Dortch and eleven co-defendants are charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. (Second Superseding Indictment, ECF No. 308.) The indictment also alleges criminal forfeiture of all property defendants acquired from the conspiracy, pursuant to 21 U.S.C. § 853(a)(1)-(2) and (p). (Id. at 770-71.)

The government obtained a seizure warrant from United States Magistrate Judge Diane K. Vescovo on August 29, 2017. (ECF No. 190-1 at 331.) The warrant authorized seizure of up to $39,825.00 from a Bank of America account in the name of Ricky A. Dortch DBA Floor Maintenance and Janitorial Service. (Id.) In the application and affidavit for seizure warrant (the "Affidavit"), the government represented that Dortch had withdrawn $39,825.00 over a twelve-month period, and that those funds had been used to buy cocaine. (Id. ¶¶ 32-33.) The government froze Dortch's account on August 24, 2017. (Id. at 35.) The account contained approximately $41,000. (Id.)

The government seized $39,692.74 from Dortch's account on August 30, 2017. (ECF No. 190.1 at 332.)

On October 30, 2017, the government filed a bill of particulars, which described the funds seized from Dortch's account as "property constituting or derived from proceeds [the

defendants] obtained, directly or indirectly, as a result of the conspiracy [or] used to facilitate that violation." (ECF No. 191 at 339.)

On October 16, 2017, Dortch moved for a traceability hearing to determine whether there is probable cause to believe that his Bank of America account funds are traceable to the criminal conduct alleged in the indictment. (Mot. for Traceability Hr'g, ECF No. 169-1.) Dortch contends that the funds are untainted and that their seizure is interfering with his right to retain counsel of his choosing. (Id.) In an affidavit, Dortch represents that his retained attorney, Linda Garner, has been working for him for free because the government has seized all of the funds he could use to pay her. (ECF No. 218-1.) Dortch also provides copies of his 1099s and W-2s for the past 16 years, a description of his income and expenses, and a selection of deposit slips from the frozen account. (ECF Nos. 219-1 to 219-19.)

United States Magistrate Judge Tu M. Pham held a hearing on Dortch's Motion for Traceability Hearing on December 8, 2017. (Min. Entry, ECF No. 215.)

The Magistrate Judge filed the Report on December 20, 2017. (ECF No. 225.) The Report concludes that Dortch must make a two-prong showing to be entitled to a traceability

3

hearing.  (Id. at 468.)  It concludes that Dortch satisfies the first prong, but fails to satisfy the second.  (Id. at 469.)  The Report recommends denying Dortch's Motion for Traceability Hearing.  (Id. at 470.)

On January 3, 2018, Dortch filed his objection to the Report.  (ECF No. 227.)  He objects to the Report's application of the two-prong test, conclusion that Dortch did not satisfy the second prong, and failure to release a portion of Dortch's funds.  (Id.)

## II. Legal Standard

### A. Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  Section 636(b) allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).

A district court applies a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters. See Curtis, 237 F.3d at 603 (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)); see also 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) provides that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); Bell v. Int'l Bhd. of Teamsters, No. 96-3219, 1997 WL 103320, *4 (6th Cir. Mar. 6, 1997). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F.Supp.2d 603, 605 (W.D. Tenn. 2009) (internal quotation marks omitted). Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable. Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F.Supp.2d 835, 839 (W.D. Tenn. 1999) (citations omitted). "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable

5

precepts of law, as found in the Constitution, statutes, or case precedent.'" Doe v. Aramark Educ. Res., Inc., 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994)); see 32 Am.Jur.2d Federal Courts § 140 (2018) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

**B. Pretrial Forfeiture of Assets and Sixth Amendment Right to Counsel**

The government may freeze assets pending trial where there is probable cause to believe that the property is forfeitable. United States v. Monsanto, 491 U.S. 600, 615 (1989). That determination requires that there be probable cause to believe "(1) that the defendant has committed an offense permitting forfeiture and (2) that the property subject to pretrial restraint has the requisite connection to the offense." Kaley v. United States, 134 S. Ct. 1090, 1095 (2014) (citing 21 U.S.C. § 853(a)). The government establishes probable cause by demonstrating "a reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion." United States v. Twenty-Two Thousand, Two Hundred Eighty Seven Dollars ($22,287.00), United States Currency, 709 F.2d 442, 446-47 (6th Cir. 1983).

6

"[P]retrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." Luis v. United States, 136 S. Ct. 1083, 1088 (2016). A defendant may challenge the propriety of the restraint on the ground that he is prevented from paying an attorney with his untainted assets. If the defendant makes a sufficient challenge, due process entitles him to a post-deprivation, pretrial hearing, where the government has the burden to establish that there is probable cause "to believe that the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the indictment."[1] Kaley, 134 S. Ct. at 1095.

Although "courts have generally provided a hearing to any indicted defendant seeking to lift an asset restraint to pay for a lawyer[,]" id. at 1095, courts have not reached a consensus on what entitles a defendant to a hearing. Courts fall into two camps. Some circuits hold that a defendant need

---

[1] Most circuits courts agree that at a traceability hearing the government bears the burden of showing probable cause for forfeiture. See, e.g., United States v. E-Gold, Ltd., 521 F.3d 411, 419 (D.C. Cir. 2008), abrogated on other grounds by Kaley, 134 S. Ct. 1090; United States v. Melrose East Subdivision, 357 F.3d 493, 503-504, 505 (5th Cir. 2004); United States v. Jones, 160 F.3d 641, 645-47 (10th Cir. 1998). But see United States v. Farmer, 274 F.3d 800, 805 (4th Cir. 2001)(holding that the hearing will provide defendant with opportunity to prove by preponderance of the evidence that the government seized untainted funds without probable cause, and the government an opportunity to show there is probable cause to believe the seized assets are tainted and forfeitable); United States v. Kaley, 579 F.3d 1246, 1257 (11th Cir. 2009) ("[I]n such a hearing, the defendant, as the movant, would have the burden of proof, and the prosecution would thus be saved from having to preview its entire case.").

7

only show that he or she is unable to pay an attorney without the restrained funds. See, e.g., United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013). Other circuits require a dual showing. First, the defendant must show he is unable to pay an attorney without the restrained funds. See, e.g., United States v. Jones, 160 F.3d 641, 647 (10th Cir. 1998); United States v. Farmer, 274 F.3d 800, 806 (4th Cir. 2001). Second, the defendant must cast sufficient doubt on the prior probable cause finding that the restrained assets were traceable to the criminal act. See, e.g., United States v. Clark, 717 F.3d 790, 800 (10th Cir. 2013). The two-pronged test is referred to as the Jones test.

Courts are further split on the second prong of the Jones test. Some courts set a low bar. They conclude that defendants are entitled to a traceability hearing merely by asserting, absent supporting evidence, that the restrained assets are untainted. See, e.g., United States v. Byrd, 153 F. Supp. 3d 851, 856 (D. Md. 2015) (defendant met dual showing test by contending the seized funds were from legitimate sources and "that payment in the form of cash is the customary method of payment in the businesses with which he is allegedly involved."); United States v. Wood, No. 3:15-CR-14-GFVT-REW, 2016 WL 8131240, at *8 (E.D. Ky. Oct. 3, 2016) (defendant

8

satisfied the second prong because his declaration and briefing "raised a legitimate, and certainly non-frivolous, doubt about forfeitability."); United States v. Jamieson, 189 F. Supp. 2d 754, 758 (N.D. Ohio 2002) ("It is clear that this Court could deny a hearing based on the failure to strictly satisfy the second branch of the Jones showing.  However, because assertions, however weak, have been made by the Defendant through the pleadings in the record, the Court can see no reason why this showing could not be done in the first part of a hearing.").

Other courts require the defendant to produce evidence that the funds are untainted.  See, e.g., United States v. St. George, 241 F. Supp. 2d 875 (E.D. Tenn. 2003) (defendant was not entitled to hearing because she failed to provide evidentiary support for her assertions that the funds at issue were untainted); United States v. Vogel, No. CRIM.A. 4:08-CR-224, 2010 WL 547344, at *3 (E.D. Tex. Feb. 10, 2010) ("Defendant's self-serving declaration, which states that some of the [shares of securities] in this account were purchased from legitimate purposes, fails to meet the standard of a bona fide reason to believe that the grand jury erred in its decision.").

The Sixth Circuit has not adopted a test to determine whether a defendant is entitled to a traceability hearing. In United States v. Jamieson, however, it said it had "no quarrel" with a district court's application of Jones. 427 F.3d 394, 406-07 (6th Cir. 2005). District courts in this circuit have since applied the Jones test. See Wood, 2016 WL 8131240, at *5; United States v. Peppel, No. 3:06CR196, 2008 WL 687125, at *3 (S.D. Ohio Mar. 10, 2008).

**III. Analysis**

The propriety of pretrial restraint of assets is a nondispositive, preliminary matter. The Report will not be set aside unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Curtis, 237 F.3d at 603 (describing the "two different standards of review for district courts when a magistrate court's finding is challenged in district court").

Dortch objects to the Report's conclusions of law on three grounds. First, Dortch argues that the Magistrate Judge erred in concluding that Dortch had failed to make a prima facie showing that "there is insufficient cause to support the grand jury's finding that the seized assets are traceable to the . . . offense." (ECF No. 227 at 472 (internal quotation marks omitted) (alternation in original). Second, Dortch contends the Magistrate Judge erred when he applied the Jones test.

10

(Id.) Third, Dortch argues the Magistrate Judge ought to have released a portion of Dortch's funds. (Id.)

The parties do not object to the Report's findings of fact. The Court need only correct the Report's only clearly erroneous finding of fact. See Fed. R. Civ. P. 72(a). The Report found that "[t]he warrant authorized seizure of all the funds in a Bank of America account credited to Ricky A. Dortch DBA Floor Maintenance and Janitorial Services." (ECF No. 225 at 463.) The warrant authorized seizure of "up to the amount of $39,825.00" from Dortch's Bank of America account. (ECF No. 210-1 at 376.) The Report's findings of fact are ADOPTED with that modification.

### A. Application and Satisfaction of Jones Test

Dortch objects to the Magistrate Judge's application of the Jones test. The Report summarizes the circuit split on the threshold requirements for a traceability hearing and concludes that, "[i]n the absence of any objection on Dortch's part, the court will apply the Tenth Circuit's approach in this case." (ECF No. 225 at 468.)

Dortch argues that he has satisfied the first prong of the Jones test, and that the second prong unfairly shifts the burden to him. (ECF No. 227 at 474.) The government contends

11

that the Sixth Circuit approves the Jones test. (ECF No. 235 at 510.) The government also contends that the circuits that have adopted a single-prong approach "seriously misapprehend[] the limited scope of the rights granted by" the Supreme Court. (Id.)

The Sixth Circuit has not expressly adopted the Jones test. Jamieson, 427 F.3d at 406-07. It has implicitly accepted that test. Id. District courts in this circuit, relying on Jamieson, have routinely applied the Jones test. See, e.g., Wood, 2016 WL 8131240, at *6 (holding that the Sixth Circuit's decision in Jamieson is "directly controlling" precedent); Peppel, 2008 WL 687125.

Dortch contends that Jones should not apply because it unfairly burdens defendants by requiring them to cast doubt on whether there is probable cause that the restrained assets are traceable to the criminal conduct. (ECF No. 227 at 474.) That burden, however, need not be onerous. As some courts have found, a defendant's declaration that the assets are untainted is sufficient. See, e.g., Byrd, 153 F. Supp. 3d at 856; Wood, 2016 WL 8131240, at *8; Jamieson, 189 F. Supp. 2d at 758. Because the Sixth Circuit has implicitly accepted the Jones test and because the burden on the defendant to satisfy both prongs of the test is not necessarily onerous, the Magistrate

12

Judge's application of Jones was not contrary to law. The Report's application of the Jones test is ADOPTED. Dortch's objection to its application is OVERRULED.

Dortch also objects to the Magistrate Judge's conclusion that Dortch did not satisfy the second prong of the Jones test. (ECF No. 227 at 472.) Dortch argues that he sufficiently cast doubt on the prior probable cause finding that the restrained assets are traceable to criminal conduct. The Report concludes that Dortch has satisfied the first prong of Jones, but failed to satisfy the second. (ECF No. 225 at 469.)[2]

The Magistrate Judge found that "the bill of particulars, and the affidavit supporting the application for the seizure warrant all show that the government has based its theory regarding the forfeitability of the seized funds upon 21 U.S.C. § 853(a)(2), which permits seizure of property that is used or intended to be used to commit an offense." (ECF No. 225 at 469.) "[T]he probable cause upon which the government relies in seeking forfeiture of the account is based on the withdrawal of funds that were allegedly used or intended to be used [to] purchase drugs, in violation of 21 U.S.C. § 853(a)(2)." (Id. at 470.) Although Dortch submitted evidence that the "funds deposited into the account may not be tainted[,]" the

---

[2] The parties do not contest the Magistrate Judge's conclusion that Dortch satisfied the first prong. That conclusion is ADOPTED.

13

Magistrate Judge concluded that "Dortch has not made any showing to challenge the probable cause contained in the seizure affidavit." (Id.)

Dortch does not argue that the Magistrate Judge's conclusion was clearly erroneous or contrary to law. He cites no case precedent, statute, or Constitutional provision that contradicts the Report's conclusion. Aramark Educ. Res., Inc., 206 F.R.D. at 461. Dortch has not met his burden to show that the Magistrate Judge's decision was clearly erroneous or contrary to law. The Report's conclusion that Dortch did not satisfy Jones's second prong is ADOPTED.

### B. Release of Some Funds

Dortch argues that the Magistrate Judge should have released some of his funds based on the Affidavit. (ECF No. 227 at 472.) Because Dortch has not met his burden to show the Magistrate Judge's decision was clearly erroneous or contrary to law, the Court need not address whether the Magistrate Judge should have released some of Dortch's funds.

### IV. Conclusion

For the foregoing reasons, the Report is MODIFIED in part and ADOPTED AS MODIFIED. Dortch's Motion for Traceability Hearing is DENIED.

So ordered this 26th day of April, 2018.

                                          */s/ Samuel H. Mays, Jr.*
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE